# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN MARCUS ZINMAN,<br><br>              Plaintiff,<br><br>       v.<br><br>VIDEO AVSS/BWC IN FORM OF 33422, *et al.*,<br><br>              Defendants. | Case No.  1:25-cv-00620-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR INJUNCTION<br><br>(ECF No. 5)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.     Background**

Plaintiff Justin Marcus Zinman ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff's application to proceed *in forma pauperis* is currently due on or before June 30, 2025, (ECF No. 4), and the complaint has not yet been screened.

Currently before the Court is Plaintiff's motion for injunction, filed June 20, 2025.  (ECF No. 5.)  Plaintiff requests that the Court issue an order to stay imposition of "c-status" (or any corollary punishment) related to Plaintiff's RVRs for "refusing assigned housing/delaying a peace officer" or any and all relief the Court sees fit and/or can issue by law in this matter.  Plaintiff alleges that he is being retaliated against because he is being targeted by an underground policy

1

1  that results in the issuance of three RVRs, back-to-back, for the same offense or course of
2  conduct, without any evidence of wrongdoing.  The target of the underground policy is then
3  denied due process in every related hearing thereafter so the state is justified (on paper) in
4  imposing the severe "c-status" punishment.  Due process is violated by falsifying
5  communications and predetermining guilt so that any reasonable defense heard is virtually
6  impossible.  The offense is associated with Plaintiff's "refusal" to affirm "compatibility" with
7  convicted criminals who are not fighting for their innocence and for exercising lawful political
8  speech.  On roughly June 14, 2025, Plaintiff was informed that he was scheduled to attend a
9  "committee" on Thursday June 19, 2025 where he would be "considered" for c-status.  CDCR
10 might even use this impending imposition of c-status as a "reason" to justify unduly depriving
11 Plaintiff of books he specifically purchased as professional/legal material for cases he is actively
12 prosecuting.  (*Id.*)

## II.    Motion for Preliminary Injunction

"A preliminary injunction is an extraordinary remedy never awarded as of right."  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Id.* at 20 (citations omitted).  An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief.  *Id.* at 22 (citation omitted).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy.  *City of L.A. v. Lyons*, 461 U.S. 95, 102 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 471 (1982).  If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question.  *Id.*  Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation

2

1 of the Federal right, and is the least intrusive means necessary to correct the violation of the
2 Federal right."

3 Furthermore, the pendency of this action does not give the Court jurisdiction over prison
4 officials in general. *Summers v. Earth Island Inst.*, 555 U.S. 488, 491–93 (2009); *Mayfield v.
5 United States*, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties
6 in this action and to the viable legal claims upon which this action is proceeding. *Summers*, 555
7 U.S. at 491−93; *Mayfield*, 599 F.3d at 969.

8 Plaintiff has not met the requirements for the injunctive relief he seeks in this motion. The
9 Court is required to screen complaints brought by prisoners seeking relief against a governmental
10 entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's
11 complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to
12 state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant
13 who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

14 As noted above, Plaintiff has not yet submitted an application to proceed *in forma
15 pauperis* or paid the filing fee for this action, and the complaint has not yet been screened. As
16 such, this action does not yet proceed on any cognizable claims, no defendant has been ordered
17 served, and no defendant has yet made an appearance. Thus, the Court at this time lacks personal
18 jurisdiction over any defendant or any other prison staff at any CDCR institution. Even if the
19 Court found that Plaintiff's complaint stated cognizable claims, it appears the only defendants
20 named in this action are videos, rather than individual employees or staff at any CDCR
21 institution. (*See* ECF No. 1, p. 2 (listing as defendants: (1) "Video AVSS/BWC in form of
22 33422"; (2) "Video in log #7574644"; (3) "Video from before 4/21/2025").) It does not appear,
23 and Plaintiff does not allege, that any of the listed defendants in the complaint have the authority
24 to enact the relief Plaintiff requests in his motion.

25 To the extent Plaintiff is attempting to raise new claims related to retaliation, the filing of
26 false RVRs, or other actions taken by correctional staff that Plaintiff believes is placing him at
27 risk of further violations of his rights, this action is not the appropriate way to raise these claims.
28 If Plaintiff believes he has suffered new or additional violations of his constitutional rights, he

3

1  may wish to file a new and separate civil rights action raising those claims.

2  **III.    Order and Recommendation**

3  Accordingly, the Court HEREBY ORDERS that the Clerk of the Court randomly assign a District Judge to this action.

5  Furthermore, it is HEREBY RECOMMENDED that Plaintiff's motion for injunction, (ECF No. 5), be denied.

7  These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  **Objections, if any, shall not exceed fifteen (15) pages or include exhibits.  Exhibits may be referenced by document and page number if already in the record before the Court.  Any pages filed in excess of the 15-page limit may not be considered.**  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 26, 2025**                    /s/ *Barbara A. McAuliffe*
                                              UNITED STATES MAGISTRATE JUDGE

4