**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JUSTIN MARCUS ZINMAN, | Case No. 1:25-cv-00620-KES-BAM (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S OBJECTION CONSTRUED AS A MOTION FOR RECONSIDERATION |
| v. | |
| VIDEO AVSS/BWC IN FORM OF 33422, *et al.*, | Doc. 14 |
| Defendants. | |

Justin Marcus Zinman did not pay the filing fee when he initiated this action. After Zinman failed to pay the filing fee or apply to proceed in forma pauperis, the Court dismissed the action without prejudice. Doc. 12. Zinman subsequently filed objections, which the Court construes as a motion for reconsideration. Doc. 14. For the reasons set forth below, the motion for reconsideration is DENIED.

**I.     BACKGROUND**

Zinman initiated this action by filing a complaint on May 27, 2025. On that same date, the magistrate judge issued an order directing Ziman to submit a completed application to proceed in forma pauperis or pay the $405.00 filing fee within 30 days to proceed with this action. Doc. 4. Zinman failed to comply with the Court's order.

On July 15, 2025, the magistrate judge issued findings and recommendations that this action be dismissed for failure to obey a court order and failure to prosecute. Doc. 9. Zinman did

1

not file objections to the findings and recommendations regarding dismissal.  On September 12, 2025, the Court preformed a de novo review and found that "the record and proper analysis" supported the recommendation for dismissal following Zinman's failure to comply with the Court's order.  Doc. 12 at 2.  The Court observed that "[d]ismissal is also warranted due to … failure to pay the filing fee."  *Id.*  The Court adopted the recommendation, dismissed the action without prejudice, and directed the Clerk of Court to close the case.  *Id.* at 3.  The Clerk of Court entered judgment on September 15, 2025.  Doc. 13.

On September 25, 2025, Zinman filed objections to Documents Nos. 9, 12, and 13, which include: the findings and recommendations (Doc. 9); the order dismissing the action dated September 12, 2025 (Doc. 12); and judgment issued by the Clerk of Court (Doc. 13).  Doc. 14 at 1.  The Court construes the objections as a motion for reconsideration.

## II.    RECONSIDERATION

Relief from an order issuing a final judgment may be granted under Federal Rule of Civil Procedure 59(e) or 60(b).  *See, e.g.*, *Langley v. Well Path Med.*, 2020 WL 243228, at *1 (E.D. Cal. Jan. 16, 2020).  Rule 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).  When a motion for relief from an order or judgment is filed within the proscribed time, it should be considered a motion for reconsideration pursuant to Rule 59(e).  *See Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 888–89 (9th Cir. 2001).  Otherwise, the motion is treated as a Rule 60(b) motion for relief from a judgment or order.  *Id.*  Under either rule, reconsideration of a prior order is an extraordinary remedy "to be used sparingly in the interests of finality and conservation of judicial resources."  *Kona Enters., Inc. v. Estate of Bishop*, 229 F. 3d 877, 890 (9th Cir. 2000) (citation omitted).  As Zinman filed his objections within 28 days of the entry of judgment, the Court construes the motion as one under Rule 59(e).

A motion under Rule 59(e) "may only be granted where: 1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; 2) the moving party presents newly discovered or previously unavailable evidence, 3) the motion is necessary to prevent manifest injustice, or 4) there is an intervening change in controlling law." *Hiken v. Dep't*

*of Def.*, 836 F.3d 1037, 1042 (9th Cir. 2016) (cleaned up).  Additionally, a party must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."  Local Rule 230(j).

### III.    DISCUSSION AND ANALYSIS

First, Zinman argues that the Clerk of Court erroneously "relied upon" the findings and recommendations by the magistrate judge to issue the judgment.  Doc. 14 at 1.  This assertion is contradicted by the record.  The judgment states: "It is ordered and adjudged that judgment is hereby entered in accordance with the Court's order filed on 9/15/2025."  Doc. 13 at 1.  The judgment references the order adopting the findings and recommendations and dismissing the action, not the findings and recommendations issued July 15, 2025.

Second, Zinman asserts that the magistrate judge "drafts R&Rs beforehand on certain assumptions (like whether or not a filing fee will be paid)."  Doc. 14 at 1 (emphasis omitted).  Zinman contends that the findings and recommendations were a "pre-drafted document, one created before the Court received Zinman's objections to the July 15 R&Rs and payment of the filing fee in full."  *Id.*  Zinman's speculation regarding the preparation of the findings and recommendations are unavailing.  Review of the docket establishes that Zinman did not file objections to the findings and recommendations related to dismissal, but rather only to the recommendations to deny injunctive relief.  *See* Doc. 10.  The Court also did not receive payment of the filing fee in this matter.  Instead, it appears Zinman last paid the Court's civil action filing fee in Case No. 1:25-cv-00426-KES-FJS.[1]  The Court properly performed a de novo review of the entire matter prior to adopting the recommendation for dismissal.

Zinman does not show reconsideration is necessary to correct any errors of law or fact, newly discovered evidence, or prevent manifest injustice.  There is no showing that relief is appropriate under Rule 59.

---

[1] The Court may take notice of facts that are capable of accurate and ready determination from sources whose accuracy cannot reasonably be questioned, including the Court's own records in other cases.  Fed. R. Evid. 201(b); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).  Thus, the Court takes judicial notice of its docket and records related to *Zinman v. Galloway*, Case No. 1:25-cv-00426-KES-FJS.

## IV.     CONCLUSION AND ORDER

Based upon the foregoing, the Court ORDERS:

1.     Plaintiff's objection, construed as a motion for reconsideration under Rule 59 (Doc. 14) is DENIED.

2.     This action shall remain closed.

IT IS SO ORDERED.

Dated:     June 12, 2026

_____
UNITED STATES DISTRICT JUDGE